TAMARA BEATTY PETERSON (Nevada Bar No. 5218)
tpeterson@bhfs.com
LAURA E. BIELINSKI (Nevada Bar No. 10516)
lbielinski@bhfs.com
BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106-4614
Telephone:     (702) 382-2101
Facsimile:      (702) 382-8135

Attorneys for Plaintiffs
STATION CASINOS LLC, and
NP IP HOLDINGS LLC

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| STATION CASINOS LLC, a Nevada limited liability company; and NP IP HOLDINGS LLC, a Nevada limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>JASON COX, an individual; and 702MEDIA.NET, an unregistered entity doing business in Nevada,<br><br>Defendants. | Case No. 2:11-cv-01290<br><br>**TEMPORARY RESTRAINING ORDER WITHOUT NOTICE** |

UPON CONSIDERATION of the motion filed by Plaintiffs Station Casinos LLC and NP IP Holdings LLC (together "Plaintiffs") for a temporary restraining order and preliminary injunction ("Motion"), the supporting memorandum of points and authorities, the supporting declaration and evidence, the record in this case, and for other good cause shown;

THE COURT HEREBY FINDS THAT:

1. Plaintiffs will suffer irreparable injury if the Court does not require GoDaddy, the domain name registrar, to place the domain names <boulderstationkeno.info>, <palacestationkeno.info>, <sunsetstationkeno.info>, <santafestationkeno.info>,

<texasstationkeno.info> and <redrockcasinokeno.info> ("Infringing Domain Names") on hold and lock, and deposit them with the Court, pending litigation of this matter;

2. Plaintiffs are likely to succeed on the merits of their claim for cybersquatting under the Anti-cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d) because Plaintiffs have demonstrated that Defendants Jason Cox and 702media.net (together "Defendants") registered the Infringing Domain Names with a bad faith intent to profit from the STATION CASINOS Marks (as defined in Plaintiffs' Complaint and Motion) associated with the Station Casinos family of multi-million dollar resort hotel casinos located in Clark County, Nevada, which were distinctive and famous at the time Defendants registered the Infringing Domain Names;

3. The balance of hardships tips in favor of Plaintiffs because issuance of the temporary restraining order would merely place the Infringing Domain Names on hold and lock pending trial, and failure to issue the restraining order would cause Plaintiffs to suffer and incur additional expense in having to file additional lawsuit(s) if the Infringing Domain Names were to be transferred to other registrants during the pendency of this action;

4. Granting a temporary restraining order in favor of Plaintiffs is in the public interest because the imposition of injunctive relief will prevent consumer confusion as to the source of Defendants' services;

THEREFORE, IT IS HEREBY ORDERED THAT, pending a full trial on the merits, Defendants shall be enjoined from continuing to infringe upon Plaintiffs' rights in the STATION CASINOS Marks through their use of the Infringing Domain Names and, to that end:

A. The Infringing Domain Names shall be immediately placed on hold and lock by GoDaddy and deposited with the registry of the Court, pursuant to Uniform Domain Name Dispute Resolution Policy Section 3(b) adopted by the Internet Corporation for Assigned Names and Numbers, to which GoDaddy is bound under its Registrar Accreditation Agreement Section 3.8, and which requires GoDaddy to take action on infringing domain names upon court order;

B. GoDaddy shall disable the current domain name server information;

C. In the event that GoDaddy refuses or fails to comply with this Order within one day of its service, the top level domain ("TLD") Registry for the Infringing Domain Names,

Verisign, Inc., shall be authorized to place the Infringing Domain Names on Registry Hold status, thus removing them from the TLD zone files maintained by the Registry which link the Infringing Domain Names to the IP address where the associated website is hosted; and

D.  A nominal bond of $100 shall be required under Federal Rule of Civil Procedure 65(c) because the evidence indicates that Defendants will only suffer, if at all, minimal damage by the issuance of this temporary restraining order and injunction.

### ORDER SETTING HEARING FOR PRELIMINARY INJUNCTION

UPON CONSIDERATION of the motion filed by Plaintiffs for a preliminary injunction, the supporting points and memorandum of authorities, the supporting declaration and evidence, the record in this case, and for good cause shown, THE COURT HEREBY sets the hearing for Plaintiffs' motion for a preliminary injunction on Thursday, August 18, 2011, at 1:30 p.m. to be held in Courtroom 7C at the Lloyd D. George Federal Courthouse, 333 South Las Vegas Boulevard, Las Vegas, Nevada.

In addition, to ensure Defendants receive timely notice of the hearing, given that Defendants must maintain accurate contact information with the domain name registrar, Plaintiffs may, in addition to the requirements of service identified in Federal Rules of Civil Procedure 4 and 5, serve the summons, complaint, motion, temporary restraining order and all subsequent court documents on Defendants by e-mail transmission upon the e-mail address provided by Defendants to the domain names' registrar.

Further, the Court sets forth the following briefing schedule relating to Plaintiffs' motion:

1.  Defendants shall file and serve opposition papers, if any, no later than August 16, 2011; and

2.  Plaintiffs shall file and serve its reply brief no later than August 17, 2011.

ENTERED this 11th day of August, 2011.

_____
UNITED STATES DISTRICT JUDGE

Brownstein Hyatt Farber Schreck, LLP
100 City Parkway, Suite 1600
Las Vegas, NV
(702) 382-2101